UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PRINCE RO'DJRELL YAMOBI, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00544-JPH-DLP |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Prince Ro'djrell Yamobi's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as ISF 18-07-0291. For the reasons explained in this Entry, Mr. Yamobi's petition is **DENIED**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

ISF 18-07-0291 began with the following conduct report written on July 17, 2018, by Investigator N. Kennedy:

> During the course of the investigation conducted by Investigator Kennedy it was determined based on video footage and interviews that on 6/3/2018 at approximately 9:03 pm Offender Prince-Rodjrell Yamboi #884830 is seen on camera stabbing offender Daytwon Black #213734 multiple times using an improvised weapon with a sharpened metal point. After which Offender Yamboi hands the improvised weapon with a sharpened metal point to Matthew Eaton #202082, whom then attempts to flush the weapon down the drain of a toilet in the latrine. When questioned Offender Yamboi stated, "I came at him with overwhelming force because I felt that he was going to do something to me." Offender Yamboi admitted that he stabbed Offender Black multiple times.

Dkt. 9-1

On July 25, 2018, Mr. Yamobi received a screening report notifying him that he had been charged with committing assault with a weapon in violation of Code A-102. Dkt. 9-4. The screening officer checked the box next to the statement "I wish to request the following physical evidence" and handwrote, "Video of Interview," "Offender will provide evidence," and "Video whole incident." *Id.*

On August 2, 2018, Mr. Yamobi received notice that his disciplinary hearing had been postponed. Dkt. 9-5 at 2. Sergeant Berry wrote "video review" in the "Comments" portion of the postponement notice. *Id.* On August 9, Mr. Yamobi received notice that the hearing had been postponed again. *Id.* at 1. The hearing officer, Sergeant Newman, noted that the postponement was "Due to need for further investigation" and wrote "Review camera" in the "Comments" section. *Id.*

On August 18, 2019, Sergeant Newman completed a written report summarizing video evidence he reviewed in preparation for Mr. Yamobi's hearing. Dkt. 9-7. Sergeant Newman

prepared the written report for Mr. Yamobi's review because he determined that allowing Mr. Yamobi to watch the videos themselves would create security concerns. *Id.*

Instead of watching the video of Mr. Yamobi's interview following the incident, Sergeant Newman reviewed and summarized the written description of Mr. Yamobi's interview. *Id.* In that summary, Sergeant Newman wrote:

> Report of Investigation was used in lieu of video interview. The Report of Investigation is confidential due to sensitive information but your interview with Investigator R. Evans was summarized. In summary, an audio and video interview was recorded where you had admitted to stabbing another offender. You continued by stating "It's either kill or be killed."

*Id.* This is an accurate summary of the written report describing Mr. Yamobi's interview with Investigator Evans. *See* dkt. 11 at 1.

Sergeant Newman summarized the security video of the incident itself as follows:

> Video Evidence of the incident was reviewed for the approximate time of 2103 on 6/3/18 in 14 North. An Offender appeared to be arguing towards your direction in the cube. You were observed chasing the same offender out of the cube where the offender fell on the ground outside the cube. you can be seen moving your hand in a downward stabbing motion several times striking the offender on the ground. You can then be seen going back into the cube back to your bed area.

Dkt. 9-7. The Court has viewed this video, and Sergeant Newman's description is accurate. *See* dkt. 14.

ISF 18-07-0921 proceeded to a hearing on August 16, 2018. According to the hearing officer's report, Mr. Yamobi contended that the incident actually began when Black threatened him and spit on him at 8:50 P.M.—about 15 minutes earlier than indicated in the video summary or the conduct report. Dkt. 9-6. Sergeant Newman found Mr. Yamobi guilty after considering staff reports, Mr. Yamobi's statement, the video evidence, the confidential investigation report, and photos. *Id.* Sergeant Newman explained that he found the reports "true and factual based off of evidence." *Id.* He added that he watched Mr. Yamobi's video interview with Mr. Yamobi. *Id.*

Sergeant Newman assessed sanctions, including the deprivation of 365 days' earned credit time and a demotion of one credit-earning class. *Id.*

Mr. Yamobi's administrative appeals were denied. *See* dkts. 9-8, 9-9.

### III. Analysis

Mr. Yamobi asserts six challenges to his disciplinary conviction. Notably, none of them rebut the facts that he violently stabbed Black or that the video clearly shows him doing so. For the reasons set forth below, Mr. Yamobi has not shown that he was denied any of the due-process rights afforded to him in a prison disciplinary proceeding.

**A.    Self-Defense**

Many of Mr. Yamobi's challenges to this disciplinary conviction are based on the notion that he stabbed Black as an act of self-defense. But an inmate who is disciplined for actions that violate the prison's disciplinary code is not deprived of due process merely because he acted in self-defense. *E.g.*, *McFadden v. Pearl*, 704 F. App'x 598, 600 (7th Cir. 2017) ("[A]n inmate does not have a constitutional right to raise self-defense as a defense during a prison disciplinary proceeding."); *Gevas v. McLaughlin*, 798 F.3d 475, 484 (7th Cir. 2015) ("Prisoners lack even a right to invoke self-defense in disciplinary proceedings when they have resorted to violence as a means of protecting themselves."); *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) ("[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings.").

**B.    Notice of Charge**

Mr. Yamobi argues that he was denied due process because he was charged with "assault with a deadly weapon," which he characterizes as a "non-existing" offense, as opposed, to "battery," which is an offense codified in the Indiana Department of Correction's (IDOC) Adult

4

Disciplinary Process. This, he says, prejudiced his ability to oppose the charge based on self-defense.

As noted above, self-defense is not a valid defense to a prison disciplinary charge. Accordingly, the precise name of his charge would have no bearing on his ability to mount that defense.

The Court has instead considered whether Mr. Yamobi received constitutionally adequate notice of the charge against him. Due process entitles an inmate to receive "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Id.*

The screening report notified Mr. Yamobi that he was charged with "assault w/ weapon" in violation of Code A-102. Dkt. 9-4. Code A-102 is entitled "Battery." Dkt. 9-10 at § 102. The offense is defined as:

> Knowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent or angry manner places any bodily fluid or bodily waste on another person.

*Id.*

The fact that the screening report referred to Mr. Yamobi's charge as "assault" rather than "battery" did not deprive him of his right to written notice of his charge. There is no dispute that Mr. Yamobi was notified that he was charged for stabbing Black. Further, there is no dispute that he was notified that he was being charged under Code A-102. Regardless of the title affixed to the charge, Mr. Yamobi was notified that he had been charged with knowingly touching another

5

person in a rude, insolent, or angry manner by stabbing Black. This gave Mr. Yamobi all the information he could have needed to prepare a defense.

## C. Failure to Follow IDOC Procedures

Mr. Yamobi argues that he was denied due process because some aspects of ISF 18-07-0291 were not executed to the letter of the IDOC's policies for disciplinary proceedings. These issues include:

- Investigator Kennedy did not write anything in the portion of the conduct report labeled, "Disposition of Physical Evidence, if any." *See* dkt. 9-1. As a result, Mr. Yamobi states, the hearing officer had to delay the hearing to gather evidence.

- The disciplinary hearing was conducted before one hearing officer, as opposed to a three-member panel. *See* dkt. 9-6.

- The hearing officer did not consider Mr. Yamobi's "institutional packet" before finding him guilty.

A failure to adhere strictly to prison policies does not amount to a denial of due process. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire ,* 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Due process obligated the prison staff to afford Mr. Yamobi with advance written notice of the charge, a limited opportunity to present evidence to an impartial decision-maker, and a written explanation of a decision based on "some evidence" in the record. *Hill*, 472 U.S. at 454. The facts that Investigator Kennedy left a line on the conduct report blank, that only one officer heard the case, and that he did not consider Mr. Yamobi's institutional history do not amount to violations of any of these rights.

D.      **Sufficiency of the Evidence**

Mr. Yamobi argues that the evidence considered by the hearing officer "didn't match the report." Dkt. 1 at 3. But "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The hearing officer's report indicates that he reviewed numerous pieces of evidence in finding Mr. Yamobi guilty. This included the video of the incident, which plainly showed Mr. Yamobi stabbing Black, and Mr. Yamobi's statement, which did not deny that he stabbed Black. *See* dkt. 9-6. It is therefore beyond question that there was evidence in the record that could support the hearing officer's decision.

E.      **Failure to View Video Evidence**

Mr. Yamobi argues that he was denied due process because the hearing officer reviewed video from 9:03 P.M. forward and not from 8:50 P.M. forward as he requested. This, Mr. Yamobi asserts, impaired his self-defense argument.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Additional video evidence would not have been material or exculpatory. The video from 9:03 P.M. forward showed Mr. Yamobi violently and repeatedly stabbing Black. For the reasons discussed in Part III(A) above, self-defense was not a viable justification for that conduct. Therefore, regardless of what the video showed before 9:03, it would not have undermined the conclusion that Mr. Yamobi was guilty or raised a reasonable probability of a different result.

## F. Errors by Final Reviewing Authority

Finally, Mr. Yamobi asserts that the final reviewing authority committed several errors in adjudicating his administrative appeal. However, there is no due process right to an administrative appeal, so no error during the administrative appeal process can justify habeas relief. In *Wolff,* the Supreme Court made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff,* do not include any safeguards during an administrative appeal—even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001).

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Yamobi's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Yamobi's petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PRINCE RO'DJRELL YAMOBI
884830
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov